IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-518-JLK

WILDEARTH GUARDIANS,

    Plaintiff,

v.

U.S. OFFICE OF SURFACE MINING, RECLAMATION AND ENFORCEMENT, AL KLEIN, in his official capacity as Western Regional Director of the Office of Surface Mining Reclamation and Enforcement, Denver, Colorado, and SALLY JEWELL, in her official capacity as U.S. Secretary of the Interior,

    Defendants, and

COLOWYO COAL COMPANY, L.P.

    Defendant-Intervenor, and

TRAPPER MINING, INC.,

    Defendant-Intervenor.

---

## ORDER GRANTING COLOWYO COAL COMPANY, L.P.'S MOTION TO INTERVENE

Kane, J.

This matter is currently before me on Proposed Defendant-Intervenor Colowyo Coal Company, L.P.'s Motion to Intervene, Doc. 16.  After carefully considering the motion and applying the legal standards set forth by the Tenth Circuit in *San Juan County, Utah v. United States*, 503 F.3d 1163, 1188 (10ᵗʰ Cir. 2007)(en banc), I am persuaded to GRANT the motion. The Court accepts the Answer filed at Doc. 17.

In the interest of the efficient conduct of the proceedings, however, Defendant-Intervenor's participation is not without limitation.  Rule 24(a)(2)'s "reference to practical consideration in determining whether an applicant can intervene implies that those same

considerations can justify limitations on the scope of intervention." *San Juan County*, 503 F.3d at 1189. "[I]ntervention of right under the amended rule may be subject to appropriate considerations or restrictions responsive among other things to the requirements of efficient conduct of the proceedings." *Id.* (quoting Fed. R. Civ. P. 24 Advisory Committee Notes (1966 Amendment)).

Accordingly, counsel for Defendants and counsel for Defendant-Intervenor must confer before filing any motion, responsive filing, or brief to determine whether their positions may be set forth in a consolidated fashion.  Defendant-Intervenor may file separate motions, responsive filings, or briefs only to raise arguments or issues Defendants decline to raise in their filings. Those arguments must be limited to the claims raised by the original parties; arguments relating to collateral issues will be stricken as immaterial.  Any separate filings must include a Certificate of Compliance, confirming compliance with this conferral requirement.  The Certificate of Compliance should also include a statement that the Defendants' position does not adequately cover the issues Defendant-Intervenor seeks to raise.


DATED:       June 17, 2013                          BY THE COURT:

                                                    */s/John L. Kane*
                                                    John L. Kane, U.S. Senior District Judge